**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND  20770
301-344-0632

## M E M O R A N D U M

TO:         Counsel of Record

FROM:    Judge Peter J. Messitte

RE:         *Lizarbe, et al. v. Rivera Rondon*
              Civil No. PJM 07-1809

DATE:    August 28, 2008

******

The Court considers Plaintiffs' Motion for Reconsideration of Order Striking Order of Default and Denying Motion for Default Judgment [Paper No. 21].

Plaintiffs have sued Defendant Rondon for his alleged participation in the so-called Accomarca Massacre that occurred in the Accomarca district of Peru on or about August 14, 1985.  Plaintiffs bring claims under various U.S. laws for extrajudicial killings and torture, war crimes, and crimes against humanity.  Rondon was served with the Complaint in this case on July 13, 2007.  On September 25, 2007, because he had failed to timely answer, the Court sent correspondence to Rondon, notifying him that it was entering default in the case and advising him, due to the seriousness of the complaint's allegations, that he should advise the Court within 20 days if he intended to defend.  On October 16, 2007, Rondon responded that he did intend to defend and requested an attorney.  Following a review of a financial affidavit provided by Rondon, the Court appointed counsel for him.

On December 3, 2007, Plaintiffs filed a Motion for Default Judgment, to which Rondon's counsel responded by filing a Motion to Strike Order of Default.  Counsel for Rondon submitted that Rondon, who was detained at the time, had diligently sought counsel.  He also noted that English is Rondon's second language and that he has had considerable difficulty with the specialized legal vocabulary used in the documents with which he had been served.  Finally, counsel pointed out that Rondon had not ignored the case pending against him as he had corresponded with the Court in an effort to marshal a defense.  On December 10, 2007, the Court denied Plaintiffs' Motion for Default Judgment and granted Rondon's Motion to Strike Order of Default.

Plaintiffs have now filed a Motion for Reconsideration of the Court's December 10, 2007 Order.  Plaintiffs contend that Rondon was not diligent in seeking counsel, possessed adequate

funds to hire an attorney, and possessed a good grasp of the English language.  They further submit that Rondon has no meritorious defense to the underlying action.  Rondon opposed the Motion for Reconsideration, refuting Plaintiffs' contentions and noting that the issues Rondon raised in his Motion to Dismiss evidence his valid defenses to the allegations against him.

An entry of default is properly set aside when "the defendant has been diligent, the delay has not prejudiced the plaintiff, and the defendant alleges a meritorious defense."  *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).  The Court is satisfied that this standard has been met here.

Accordingly, Plaintiffs' Motion for Reconsideration [Paper No. 21] is DENIED.

Despite the informal nature of this ruling, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.


                                                               /s/
                                  PETER J. MESSITTE
                     UNITED STATES DISTRICT JUDGE