## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TEOFILA OCHOA LIZARBE, et al.** | * |
| | * |
| Plaintiffs | * |
| | * |
| v. | *     **Civil No. PJM 07-1809** |
| | * |
| **JUAN MANUEL RIVERA RONDON** | * |
| | * |
| Defendant | * |

### MEMORANDUM OPINION

This is an action under the Torture Victim Protection Act (TVPA), 28 U.S.C. § 1350, and the Alien Tort Statute (ATS), 28 U.S.C. § 1350 against Juan Manuel Rivera Rondon, for actions he allegedly took while serving in the Peruvian army in 1985.

In an earlier Opinion and Order, dated February 26, 2009, the Court denied Rivera Rondon's Motion to Dismiss, holding in part that (1) Plaintiffs' claims are not barred by the ten-year statute of limitations applicable to TVPA/ATS cases because equitable tolling applies; (2) Rivera Rondon is not immune from suit under the Foreign Sovereign Immunities Act of 1976; (3) with respect to their TVPA claim, Plaintiffs did not fail to exhaust their administrative remedies in Peru; (4) the Complaint does not raise a non-justiciable political question; (5) Plaintiffs' claims are not barred by the Act of State doctrine; (6) Plaintiffs state a claim for conspiracy, aiding and abetting, and joint criminal enterprise; (7) Plaintiffs are "aliens" under the ATS; and (8) venue is proper in the District of Maryland.  *See* Paper Nos. 53-54.

Rivera Rondon has filed a Motion for Certification of the Court's February 26, 2009 Order [Paper No. 59], seeking to appeal the eight rulings listed above on an interlocutory basis.  The Court **DENIES** the Motion.

## I.

Under 28 U.S.C. § 1292(b), a district court judge may certify a question for interlocutory appeal where (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) immediate appeal "may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *see also In re Microsoft Corp. Antitrust Litig.*, 274 F. Supp. 2d 741, 741 (D. Md. 2003).  All three elements must be satisfied for certification.  *Id.* The Fourth Circuit has made clear that an interlocutory appeal "should be used sparingly and thus that its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). As a result, "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation[.]" *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989); *see also KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd.*, 250 B.R. 74, 78 (E.D. Va. 2000).

## II.

Rivera Rondon argues that eight of the grounds upon which he moved to dismiss are appropriate for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  The Court addresses each of these arguments in turn, but notes that most fail because Rivera Rondon cannot point to any "substantial ground for difference of opinion."

**A.**

Rivera Rondon first seeks to appeal the Court's ruling that equitable tolling applies to Plaintiffs' claims because "the political climate in Peru was unremittingly hostile to any effort on their part to pursue remedies against Rivera Rondon in Peru."  Op. at 12.  He contends that this determination involves a controlling question of law because a finding in his favor would terminate the action.  *See* 19-203 George C. Pratt, Moore's Federal Practice - Civil § 203.31.  He further states that substantial grounds for a difference of opinion exist because other courts have declined to apply equitable tolling where the claims asserted were being investigated in other forums at the same time as plaintiff was seeking to apply the toll.  *See Council v. Better Homes Depot, Inc.*, No. 04 CV 5620(NGG)(KAM), 2006 WL 2376381, at *10 (E.D.N.Y Aug. 16, 2006) ("Where regulatory or other proceedings involving the defendant's wrongdoing are recorded, the plaintiff may be held to a standard of inquiry notice and may not successfully invoke the equitable tolling doctrine.").

The Court agrees with Plaintiffs that interlocutory appeal of this issue is not appropriate.  The Court based its ruling largely on Plaintiffs' allegations regarding the hostile circumstances in the case.  Though Rivera Rondon disputes the extent of that hostility, that was an issue of fact not properly addressed on a motion to dismiss.  Further, Rivera Rondon's cases do not illustrate substantial grounds for difference of opinion; they show only that equitable tolling depends greatly on the specific factual allegations before the court.

**B.**

Rivera Rondon next seeks to appeal the ruling that he is not immune from suit under the Foreign Sovereign Immunities Act of 1976 because the FSIA does not apply to "individual foreign government agents," *see Yousuf v. Samantar*, 552 F.3d 371, 381 (4th Cir. 2009), and

even if it did, Rivera Rondon was not acting in an official capacity.  He suggests that substantial ground for difference of opinion exists because *Yousuf* acknowledged a circuit split on this matter and Plaintiffs appear to allege in their Complaint that Rivera Rondon acted in his official capacity as an officer in the Peruvian military.

*Yousuf* clearly and very recently set forth the law of this Circuit.  Under it, Rivera Rondon is not immune.  Interlocutory appeal on this point is also inappropriate.

## C.

Rivera Rondon next seeks to challenge the ruling that Plaintiffs have not failed to exhaust their administrative remedies in Peru, as required by the TVPA.  *See* 28 U.S.C. § 1350(2)(b) ("[a] court shall decline to hear a claim if the claimant has not exhausted adequate and available remedies in the place in which the conduct giving rise to the claim occurred").  He says that substantial ground for difference of opinion exists on this point because Plaintiffs have admitted that they are suing him in Peru.

As with equitable tolling, the Court's decision rests on the allegations in Plaintiffs' Complaint, which are taken as true for purposes of a motion to dismiss.  Though Rivera Rondon disputes the truth of those allegations, those disputes are not questions of law.  He bears the burden of showing the availability and adequacy of the foreign remedies he contends Plaintiffs failed to exhaust, and he has not carried it.  *See Jean v. Dorelien*, 431 F.3d 776, 781 (11th Cir. 2005).

Further, he has cited no contrary authority illustrating substantial ground for disagreement.  Certification is not proper as to this issue.

**D.**

Next, Rivera Rondon challenges the holding that the Complaint does not raise a non-justiciable political question.  Under *Baker v. Carr*, 369 U.S. 186 (1962), he says, foreign policy is a matter for the executive, not the judiciary.  He argues that the Court should have given more weight to *Doe v. Liu Qi*, No. C 02 0672 CW, at * 4-5 (N.D. Cal. Sept. 27, 2002), where the court took into account the potential for reciprocal treatment of U.S. officials.

The Court agrees with Plaintiffs that this issue also is not appropriate for interlocutory appeal.  This case does not have the potential of conflicting with any existing U.S. policy; on the contrary, the U.S. has condemned the alleged massacre.  With respect to *Doe*, as the Court concluded previously, it is reasonable to assume that Congress was aware of the potential for reciprocal treatment of U.S. officials when it passed the TVPA.  *See Eckert Int'l, Inc. v. Gov't of the Sovereign Democratic Republic of Fiji*, 32 F.3d 77, 79 (4th Cir. 1994) (noting that district court denied motion for certificate of appealability regarding political question doctrine).

**E.**

Rivera Rondon also seeks to appeal the ruling that Plaintiffs' claims are not barred by the Act of State doctrine.  *See Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 428 (1964), *superseded by statute on other grounds*, 22 U.S.C. § 2370(e)(2) (factors for application of Act of State doctrine are: (1) the degree of consensus regarding a certain area of international law, (2) the extent to which the issue "touch[es] . . . sharply on national nerves," and (3) whether the government that perpetrated the actions is no longer in existence).  Rivera Rondon relies largely on *Doe I. v. Israel*, 400 F. Supp. 2d 86, 113 (D.D.C. 2005) for the proposition that substantial grounds for disagreement exist as to whether the doctrine applies.  *Doe I.* held that

alleged actions taken by Israeli military officials against political detainees constituted "classic acts of state." *Id.*

The Court again sides with Plaintiffs. As the Court previously concluded, violations of customary international law are not acts of state for purposes of the doctrine. Rivera Rondon has articulated no basis for substantial disagreement as to this point (which is not refuted by *Doe I.*), nor has he addressed the fact that his alleged actions were illegal under Peruvian law and have since been condemned by the Peruvian Government.

## F.

The next issue Rivera Rondon seeks to appeal is the determination that Plaintiffs have stated a claim for conspiracy, aiding and abetting, and joint criminal enterprise. He recycles the same arguments made in his motion to dismiss, arguing that he could not conspire with himself (as a member of the Peruvian Army); that Plaintiffs fail to allege that he knew about the scheme to commit atrocities; and that there is disagreement over whether the theory of joint criminal liability exists in a civil action.

As a preliminary matter, even if one or all of Plaintiffs' claims for indirect liability fail, that will not dispose of the case, making interlocutory review inappropriate. *See Price v. Socialist People's Libyan Arab Jamahiriya*, 389 F.3d 192, 199 (D.C. Cir. 2004) (denial of Rule 12(b)(6) motion is not ordinarily subject to interlocutory appeal). Moreover, with respect to conspiracy and aiding and abetting, Rivera Rondon fails to cite any authority favorable to his position that is specific to ATS or TVPA cases. With respect to joint criminal liability, he takes issue with the Court's reliance on a single court case, but then cites no authority of his own to show that substantial disagreement exists over the issue.

**G.**

The next challenge is to the Court's conclusion that Plaintiffs are "aliens," as required by the ATS. *See* 28 U.S.C. § 1350. Because Plaintiffs are in fact citizens and residents of Peru, he submits, they are not "aliens."

As stated in the Court's Opinion, the Supreme Court in *Rasul v. Bush*, 542 U.S. 466 (2004) specifically held that the ATS permits claims by nonresident aliens (*i.e.*, Plaintiffs). Rivera Rondon cites no contrary authority, other than his own disagreement with *Rasul*. He has thus failed establish a substantial ground for difference of opinion.

**H.**

Finally, Rivera Rondon disputes the holding that venue is proper in the District of Maryland. He believes substantial grounds for disagreement exist on this issue because Plaintiffs allege in their Complaint that he took actions in his official capacity. Therefore, he says, venue is only proper in the District Court for the District of Columbia. *See* 28 U.S.C. § 1391(f)(4).

As noted previously, the Court understands Rivera Rondon to have been sued in his individual capacity, though Rivera Rondon construes the Complaint to make allegations against him in his official capacity. He offers no authority illustrating that substantial grounds for a difference of opinion exist on this issue. Nor has he made any attempt to distinguish his case from other cases where foreign military officials were sued in districts outside the District of Columbia. *See Xuncax v. Gramajo*, 886 F. Supp. 162, 193 (D. Mass. 1995).

## III.

For the foregoing reasons, Rivera Rondon's Motion for Certification of the Court's February 26, 2009 Order [Paper No. 59] is **DENIED**.

A separate order will **ISSUE**.


————————————————— /s/ —————————————————
**PETER J. MESSITTE**
**August 12, 2009**                          **UNITED STATES DISTRICT JUDGE**